REINSCHMIDT, et al, Respondents, v. HIRSCH, Appellant.

(259 N. W. 920.)

(File No. 7748.  Opinion filed April 16, 1935.)

*Orvis & French,* of Yankton, for Appellant.

*Hitchcock & Sickel,* of Mitchell, and *Stanton L. Clark,* of Tripp, for Respondents.

CAMPBELL, J. Plaintiffs, as trustees in charge of the liquidation of certain assets of the defunct Farmers' & Merchants' State Bank, Tripp, S. D., are substituted in lieu of the state superintendent of banks in the present action which was brought against the defendant to recover upon three certain promissory notes payable to the order of the bank, signed by the defendant, in the principal sums of $5,000, $1,000, and $500, bearing date respectively March 30, 1930, March 1, 1930, and March 14, 1930, all past due. Defendant admitted the execution of the notes, but pleaded, by way of defense, that she received no consideration for them, and that they were obtained from her on March 25, 1930, by the false and fraudulent representations of her son Ray T. Hirsch, who was at said time the cashier of the payee bank.

The issues thus joined were tried to the court without a jury. Findings, conclusions, and judgment were in favor of plaintiffs upon all the issues, from which judgment, and from a denial of her motion for new trial, defendant has now appealed.

The only question presented by the appeal is whether or not the evidence sufficiently supports the findings. To set forth the facts in detail would not be particularly helpful. The general picture is about as follows: Ray T. Hirsch was cashier and active managing officer of the Farmers' & Merchants' State Bank of Tripp. He was also operating a grain elevator under the trade-name of Hirsch Grain Company, and was engaged in the gas and oil business under the trade-name of John Hancock Oil Company. As the owner of the grain business, Ray Hirsch was indebted to the bank in the sum of $5,000, represented by a note signed by the Hirsch Grain Company, and as the owner of the oil business he was indebted to the bank in the sum of $2,500, represented by a note signed by the John Hancock Oil Company. In March, 1930, the bank was in failing circumstances and on March 25th its affairs were in such condition that representatives of the state banking department advised Hirsch to call a meeting of his board of directors and close the bank as insolvent. On that day the department employees also called particularly to the attention of Hirsch his

own indebtedness of $7,500 to the bank, being the $5,000 he had borrowed for the grain business and the $2,500 he had borrowed for the oil business; and they pointed out to Hirsch that it would make a pretty bad situation if the bank closed for liquidation with these notes, which were really his, among its assets. Thereupon Hirsch prepared the three notes here sued upon (together with a fourth note for $1,000 not involved in the present action), which four notes were equivalent in aggregate amount to his own indebtedness to the bank, and drove to the nearby town of Freeman, where his mother was visiting at the home of a daughter. He presented the notes to his mother and asked her to sign them, which she did. According to her version of the transaction, she did not read or examine the documents presented to her; did not, in fact, know that they were promissory notes, or what they were, and made no investigation and asked no questions. She says that her son presented the papers and said he wanted her to sign them so that he would not lose his elevator, and she signed. Ray Hirsch thereafter returned to Tripp and substituted the notes signed by his mother for the obligations of the grain company and the oil company, and on March 28, 1930, the bank was closed for liquidation. It is doubtless true that appellant did not know exactly what she was signing or just what use her son intended to make of the documents. We cannot escape the conclusion, however, that she was entirely willing to sign whatever her son wished her to sign and to lend him her credit for whatever use he might desire to make of it, and, being in that frame of mind, she made neither investigation nor inquiry. So far as the bank was concerned, it became the holder of appellant's notes for value. The trial court specifically found that the notes were executed by appellant for the purpose of lending her credit to her son. We are unable to say that the evidence preponderates against that finding, and we think the trial court was entirely justified in refusing to find that appellant's signature to the notes was fraudulently procured.

We are therefore of the opinion that the judgment and order appealed from must be, and they are, affirmed.

All the Judges concur.